

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Ernest Guinn
County Attorney
El Paso County
El Paso, Texas

Dear Sir:

Opinion Number O-2461
Re: May time warrants be issued
by the commissioners' court for
construction of a livestock
building, and may such time war-
rants be funded into bonds?

This acknowledges receipt of your opinion request of
June 18, and we quote from your letter as follows:

"This will acknowledge receipt of your opinion
of June 15, 1940, relative to the above matter,
for which I am very grateful.

"It is stated by you, and I think correctly so,
that the county is without authority to issue bonds
for the construction of a live stock building, al-
though it possesses the power to construct such a
building.

"The Commissioners' Court has requested that I
now submit an additional question to you on this
matter, and that is whether time warrants that may
be issued by the Commissioners' Court for the con-
struction of such building may be refunded into
bonds, as provided by Section 7 of Article 2368-a
of the Revised Civil Statutes."

We recently held in our opinion number O-2386 that a
county could not issue bonds for the purpose of constructing
a livestock building. Said opinion is based upon the proposi-
tion that a county cannot issue bonds unless such power is

Honorable Ernest Guinn, page #2

expressly conferred by law. Such is the established doctrine in this State, and has been from an early time. It was affirmed on the original appeal of San Patricio County vs. McClane, 44 Tex. 392, and reiterated in Robertson vs. Breedlove, 61 Tex. 316; also in Lasater vs. Lopez, 217 S.W. 376 (Sup. Ct.). We agree with the statement in your letter that it is a well settled rule in Texas that counties have the power to contract for the construction of courthouses or for the improvement of public roads on the general credit of the county, and to issue in evidence of the indebtedness thereby created the time warrants of the county maturing in after years. Lasater vs. Lopez, 217 S.W. 373; Stratton vs. Kinney County, 137 S.W. 1170; Bridgers et al vs. City of Lampasas, 249 S.W. 1083.

We cannot agree that a county may issue time warrants for the construction of a livestock building. In Lasater vs. Lopez, the case cited by you as authority for holding that a county may issue such warrants, Judge Phillips states — "The case as it stands in this court is, therefore, one where a commissioners' court in the execution of a duty <u>enjoined</u> <u>upon it</u> <u>by law</u> — the construction of public roads in the county, determined in good faith upon the issuance of county warrants, instead of bonds, as a plan of payment." The only question presented there was whether or not the commissioners' court had authority to issue these time warrants.

Judge Phillips deals at length with the history of the constitutional and legislative enactments which gave the commissioners' court authority to issue both warrants and bonds. In this case the court had the specific legislative authority to issue bonds for the purpose of constructing and improving roads, but instead, they issued time warrants. The court held that the power to issue bonds for road improvements and courthouses, or for money borrowed for the purpose of acquiring such improvements, is a power which is regarded as being beyond the scope of power of the governing body of a county unless it be specially granted. This extraordinary power, when granted, can be exercised only in the mode and for the purposes specified in the grant, but the grant of this power does not impliedly deprive the governing body of the authority to make those same improvements on credit and to issue non-negotiable interest-bearing obligations of the county for the debt thus created, if elsewhere the authority to make the improvements is conferred.

Honorable Ernest Guinn, page #3

The laws of this State, as pointed out in Lasater vs. Lopez, place a duty on the commissioners' court to build roads and courthouses. If the county was under a similar duty to build a livestock building, then no doubt they would have the authority to borrow money to build such a building and the implied authority to issue non-negotiable obligations evidencing the debt. But there is no such constitutional and statutory duty placed on them to build livestock buildings as there is for roads and courthouses. Article 2372d merely provides that commissioners' courts "may provide" for such buildings.

If the commissioners' court could legally issue time warrants to build a livestock building and fund them into bonds, this would be allowing them to do indirectly what they could not do directly.

Therefore, it is the opinion of this department that a county cannot legally issue time warrants for the purpose of constructing a livestock exposition building. We could not approve such issue if they were attempted to be funded into bonds.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Claud O. Boothman
Claud O. Boothman
Assistant

COB-s

Gerald C. Mann


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN